STATE OF MAINE                                      SUPERIOR COURT
PENOBSCOT, SS.                                      Docket No. CV-02-149



FILED & ENTERED
SUPERIOR COURT

) JAN 16 2003
)
PENOBSCOT COUNTY

DARRELL LUCE, JR.,
          Plaintiff,

     v.                          )     **<u>DECISION AND ORDER</u>**
                                 )
                                 )
PRESTON A. HARRIS,               )
          Defendant.             )

DONALD L. GARBRECHT
LAW LIBRARY

JAN 22 2003

Patrons Oxford Insurance Company moves pursuant to Rule 24 of the Maine Rules of Civil Procedure to intervene in this interesting and apparently novel situation. The principal claim is a relatively straightforward motor vehicle accident case. The Plaintiff alleges that he was injured as a result of Defendant's negligent operation of his motor vehicle. Plaintiff further alleges that his injuries are substantial.

Defendant is insured by Patrons Mutual Insurance Company (herein, "Patrons"). The parties agree that Patrons disputes whether coverage exists to indemnify the Defendant for any damages which might be awarded in this matter. Patrons has provided defense counsel to Defendant under a reservation of rights.

Counsel for Plaintiff and Defendant have agreed upon a settlement whereby Defendant will neither contest liability nor dispute damages. In return, Plaintiff has agreed to seek recovery only from any available insurance - he will not seek to enforce any judgment against the Defendant individually regardless of the amount recovered. Defendant's counsel, who owes no duty to the carrier, has concluded that this is a very advantageous opportunity for his client and has taken steps to accomplish the settlement.

Patrons is greatly displeased with this turn of events because it fears that a sizeable judgment (for which it may be liable) will be recovered with no effort at defending the claim ever having been undertaken. Upon these circumstances, Patrons moves to intervene (pursuant to Rule 24(a) or (b) ) to defend the principal claim upon the theory that it is a party in

interest and that its interests are not protected by any present party to the action. Plaintiff opposes intervention arguing that Patrons' unfortunate situation is the result of its reservation of rights regarding coverage.

Patrons seeks intervention (or a stay of proceedings to allow a coverage action to proceed) primarily to forestall the parties' agreement from coming to fruition. To some extent, circumstances may have overtaken the issue - a Stipulation for Entry of Judgment was filed by the parties on November 21, 2002.[1] The court has not, prior to this date, entered any manner of judgment or docket entry upon the Stipulation.

Although an insurance provider undertakes a fiduciary relationship with its insureds, no rule of law is violated when the provider raises coverage issues in good faith. This is one of several circumstances where the relationship between the insurer and the insured can become adverse. In such situations, the insured is not bound to act in the best interest of the insurer. The insured is entitled to take all necessary steps to protect his or her own interests and is bound only by law and the provisions of the insurance contract in doing so.

The court is aware of no law which would prevent an insured from abandoning the defense of a claim even where the abandonment has an adverse impact upon his insurer. Further, the parties have offered no contractual provision which would prevent the insured from doing so.

Additionally, any claims of prejudice by the insurer are premature. A declaratory judgment action may confirm the insurer's belief that there is no coverage. A vigorous defense at this point might - or might not - have an effect upon the amount, if any, of damages awarded in the future. For these reasons, the court cannot conclude that intervention or stay is appropriate at this time, and Patrons' motions are thus denied.

---

[1] - The Stipulation provides as follows: "NOW, THEREFORE, the parties hereto, jointly stipulate that the following docket entry may and should be made by agreement of the parties and their counsel: Judgment for the Plaintiff, Darrell Luce, Jr., against the defendant, Preston A. Harris, the amount of said judgment to be determined by the Court who shall, thereafter, enter a final judgment [sic]. *However, this judgment shall not be enforced as against the defendant, but only against any applicable insurance* [sic]."

The italicized portion was a handwritten addition to the typed text.

The court further notes that the Stipulation filed by the parties (see footnote 1) is not appropriate for entry of judgment at this time. Despite the language of the parties, it is clear that they are simply stipulating to liability and requesting that the matter be set for a hearing on damages.[2] Additionally, since the handwritten language represents an agreement between the parties and is not part of the relief requested (or available) in the Complaint, any eventual judgment rendered by the court will not include such language.

**The Clerk may incorporate this Order into the docket by reference pursuant to M.R.Civ.P Rule 79 (a).**

Dated:  January 16, 2003

_____
JUSTICE, SUPERIOR COURT

---

[2] - Unless directed otherwise, the matter will be set for a two hour testimonial hearing on damages before the court (without jury).

DARRELL LUCE JR - PLAINTIFF
CRAIG ESTATES MAIN ST LOT 19
CORINTH ME 04427
Attorney for: DARRELL LUCE JR
JACK SIMMONS
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961

Attorney for: DARRELL LUCE JR
PAUL MACRI
BERMAN & SIMMONS
PO BOX 961
129 LISBON STREET
LEWISTON ME 04243-0961


vs
PRESTON A HARRIS   - DEFENDANT
97 SANDY BEACH RD
GLENBURN ME 04401
Attorney for: PRESTON A HARRIS
J WILLIAM DRUARY JR
MARDEN DUBORD ET AL
PO BOX 708
44 ELM STREET
WATERVILLE ME 04901-0708

SUPERIOR COURT
PENOBSCOT, ss.
Docket No   BANSC-CV-2002-00149

DOCKET RECORD

Filing Document: COMPLAINT                  Minor Case Type: AUTO NEGLIGENCE
Filing Date: 08/14/2002

## Docket Events:

08/14/2002 FILING DOCUMENT - COMPLAINT FILED ON 08/14/2002

08/14/2002 Party(s):  DARRELL LUCE JR
          ATTORNEY - RETAINED ENTERED ON 08/14/2002
          Plaintiff's Attorney: JACK SIMMONS

08/14/2002 Party(s):  PRESTON A HARRIS
          SUMMONS - CIVIL SUMMONS FILED ON 08/14/2002

08/14/2002 Party(s):  PRESTON A HARRIS
          SUMMONS - CIVIL SUMMONS SERVED ON 08/07/2002
          AS TO DEFENDANT PRESTON HARRIS.

08/14/2002 CERTIFY/NOTIFICATION - CASE FILE NOTICE SENT ON 08/14/2002
          TO ATTORNEY FOR THE PLAINTIFF.

08/26/2002 Party(s):  PRESTON A HARRIS
          JURY FILING - DEMAND FOR JURY TRIAL FILED ON 08/23/2002
          BY DEFENDANT PRESTON A. HARRIS.

08/26/2002 Party(s):  PRESTON A HARRIS
          ATTORNEY - RETAINED ENTERED ON 08/23/2002